# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDWARD MAURICE NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV737 |
| | ) | |
| FORSYTH COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court *sua sponte*. Plaintiff Edward Maurice Nelson filed this action under 42 U.S.C. § 1983 asserting constitutional violations against Defendants for their handling of the COVID-19 pandemic during Plaintiff's incarceration at the Forsyth County Law Enforcement Detention Center. (*See generally* Am. Compl., Docket Entry 16.) Defendants Robert E. Slater, Richard Carleton, and Billy Warren move to dismiss Plaintiff's operative Complaint for failure to state a claim upon which relief can be granted, while Defendants Bobby Kimbrough and Rocky Joyner move for summary judgment under Federal Rule of Civil Procedure 56. (*See* Docket Entries 24, 28.) Roseboro Letters[1] were mailed to Plaintiff informing him of his right to respond to Defendants' motions. (*See* Docket Entries 26, 32.) Plaintiff did not file a response. In addition, an envelope was mailed from the Court to Plaintiff with a copy of the Process Receipt and Return for Defendant Warren; however,

---

[1] A notice sent pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975) generally advises a *pro se* plaintiff of his or her right to file a response to a dispositive motion.

1

the envelope containing such information was returned to the Court on May 8, 2023, indicating that Plaintiff was not at the facility. (*See* Docket Entry 34.) The Court entered an order instructing Plaintiff to provide his current address to the Court no later than July 24, 2023, and to inform the Court if he intends to continue to pursue this action. (*See* Text Order dated 7/10/2023.) The envelope containing that order was also returned to the Court on July 19, 2023, indicating that Plaintiff was not at the facility. (*See* Docket Entry 35.)

Plaintiff has failed to comply with the Court's previous order. The record reflects that Plaintiff has failed to keep the Court advised as to his current address, nor has he shown any intent to proceed with this case at this time. It is Plaintiff's responsibility to keep the Court abreast of his current address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Moreover, the Local Rules provide that "[i]f mail directed to a pro se plaintiff from the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address," the Court may dismiss without prejudice the action for failure to prosecute. LR 11.1(b). Because Plaintiff has failed to notify the Court of a current address within 63 days of the date of a mailing returned by the U.S. Postal Service, that is, May 8, 2023, (Docket Entry 34), the undersigned recommends dismissal without prejudice of this action at this time.

Accordingly, for the reasons stated herein, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Local Rule 11.1(b) for failure to prosecute, and that Defendants Robert E. Slater, Richard Carleton, and Billy Warren's Motion

2

Case 1:21-cv-00737-WO-JLW   Document 36   Filed 07/28/23   Page 2 of 3

to Dismiss (Docket Entry 24) and Defendants Bobby Kimbrough and Rocky Joyner's Motion for Summary Judgment (Docket Entry 28) be terminated as moot.

This, the 28th day of July, 2023.

/s/ Joe L. Webster<br>United States Magistrate Judge